**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 117553



**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Judeline S. Joseph, individually and on behalf of all others similarly situated,<br><br>                        Plaintiff,<br><br>vs.<br><br>Leisa Korn, Matt Korn, and Core Recoveries, LLC,<br><br>                        Defendant. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Judeline S. Joseph, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Leisa Korn, Matt Korn, and Core Recoveries, LLC (hereinafter referred to collectively as "*Defendants*"), as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendants conducted business within the State of New York.

**PARTIES**

5. Plaintiff Judeline S. Joseph is an individual who is a citizen of the State of New York residing in Kings County, New York.

6. Plaintiff is a natural person allegedly obligated to pay a debt.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. On information and belief, Defendant Core Recoveries, LLC, is a Kentucky Limited Liability Company with a principal place of business in Jefferson County, Kentucky.

9. Defendant Core Recoveries, LLC regularly collects or attempts to collect debts asserted to be owed to others.

10. Defendant Core Recoveries, LLC is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11. The principal purpose of Defendant Core Recoveries, LLC's business is the collection of such debts.

12. Defendant Core Recoveries, LLC uses the mails in its debt collection business.

13. Defendant Core Recoveries, LLC is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

14. On information and belief, Defendant Matt Korn, is a Kentucky resident and the Chief Executive Officer of Defendant Core Recoveries, LLC.

15. Defendant Matt Korn is responsible for day-to-day governance and strategic activities of Defendant Core Recoveries, LLC.

16. Defendant Matt Korn is oversees the finance, accounting, state licensing, data analytics, operations and marketing of Defendant Core Recoveries, LLC.

17. Defendant Matt Korn regularly collects or attempts to collect debts asserted to be owed to others.

18. Defendant Matt Korn is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

Barshay Sanders PLLC

19. Defendant Matt Korn uses the mails in his debt collection business.

20. Defendant Matt Korn is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

21. On information and belief, Defendant Leisa Korn, is a Kentucky resident and the President, majority owner and Board Chairperson of Defendant Core Recoveries, LLC.

22. Defendant Leisa Korn has primary responsibility for all departments, functions and activities at Defendant Core Recoveries, LLC.

23. Defendant Leisa Korn is in charge of operations, technology, human resources, compliance, finance, accounting and administration at Defendant Core Recoveries, LLC.

24. Defendant Leisa Korn regularly collects or attempts to collect debts asserted to be owed to others.

25. Defendant Leisa Korn is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

26. Defendant Leisa Korn uses the mails in her debt collection business.

27. Defendant Leisa Korn is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## THE FDCPA

28. Congress enacted the FDCPA upon finding that debt collection abuse by third party debt collectors was a widespread and serious national problem. *See* S. Rep. No. 95-382, at 2 (1977), *reprinted in* U.S.C.C.A.N. 1695, 1696; 15 U.S.C § 1692(a).

29. The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by independent debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

30. To further these ends, the FDCPA "establishes certain rights for consumers whose debts are placed in the hands of professional debt collectors for collection." *Vincent v. The Money Store*, 736 F.3d 88, 96 (2d Cir. 2013).

31. In order for consumers to vindicate their rights under the statute, the FDCPA "grants a private right of action to a consumer who receives a communication that violates the Act." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

32. Thus, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to

3

bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson*, 516 F.3d at 91.

33. To this end, in determining whether a collection letter violates the FDCPA, courts in the Second Circuit utilize "the least sophisticated consumer" standard. *Jacobson*, 516 F.3d at 90. "The test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives. *Russell*, 74 F.3d at 34.

34. The least sophisticated consumer standard pays no attention to the circumstances of the particular debtor in question. *See Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012). Specifically, it is not necessary for a consumer to show that he or she was confused by the communication received. *See Jacobson*, 516 F.3d at 91. Likewise, the consumer's actions in response to a collection letter are not determinative of the question of whether there has been a violation of the FDCPA. *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

35. Under the least sophisticated consumer standard, collection letters violate the FDCPA "if they are open to more than one reasonable interpretation, at least one of which is inaccurate." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993).

36. Moreover, a debt collector violates the FDCPA if its collection letter is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer. *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001).

37. Similarly, a collection letter violates the FDCPA "if it would make the least sophisticated consumer uncertain as to her rights." *Jacobson*, 516 F.3d at 90.

38. To recover damages under the FDCPA, a consumer does not need to show intentional conduct on the part of the debt collector. *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Rather, "[t]he FDCPA is a strict liability statute, and the degree of a defendant's culpability may only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993). A single violation of the FDCPA to establish civil liability against the debt collector. *Id.*

## ALLEGATIONS

39. Defendants allege Plaintiff owes a debt ("the alleged Debt").

4

40. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a student loan.

41. The alleged Debt does not arise from any business enterprise of Plaintiff.

42. The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

43. At an exact time known only to Defendants, the alleged Debt was assigned or otherwise transferred to Action Financial Services, LLC for collection.

44. At the time the alleged Debt was assigned or otherwise transferred to Action Financial Services, LLC for collection, the alleged Debt was in default.

45. At an exact time known only to Defendants, the alleged Debt was assigned or otherwise transferred from Action Financial Services, LLC to Defendant for collection.

46. At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

47. In its efforts to collect the alleged Debt, Defendant contacted Plaintiff by multiple letters and telephone calls.

48. The letters and telephone calls conveyed information regarding the alleged Debt.

49. The letters telephone calls are "communications" as defined by 15 U.S.C. § 1692a(2).

50. Although the letters were on the letterhead of Action Financial Services, LLC, the collector listed thereon "Katherine Warren" is not an employee of Action Financial Services, LLC.

51. Rather, Katherine Warren is an employee of Defendants.

52. Although the letters were on the letterhead of Action Financial Services, LLC, the telephone number listed thereon identified as "Collector Phone" does not belong to Action Financial Services, LLC.

53. Rather, the telephone number identified as "Collector Phone" belongs to Defendants.

54. Although the letters were on the letterhead of Action Financial Services, LLC, the telephone number listed thereon identified as "Main Line" does not belong to Action Financial Services, LLC.

55. Rather, the telephone number identified as "Main Line" belongs to Defendants.

56. Although the letters are on the letterhead of Action Financial Services, LLC, they were actually sent by Defendants.

57. Although the letters are on the letterhead of Action Financial Services, LLC, they were actually requested by Defendants.

58. Although the letters are on the letterhead of Action Financial Services, LLC, Defendants made the determination to send the letters.

59. Although the letters are on the letterhead of Action Financial Services, LLC, Action Financial Services, LLC was not the debt collector handling the alleged Debt.

60. Although the letters are on the letterhead of Action Financial Services, LLC, Defendants made all decisions concerning the collection of the alleged Debt.

61. Although the letters are on the letterhead of Action Financial Services, LLC, Action Financial Services, LLC, took no part in the collection of the alleged Debt.

## FIRST COUNT
## Violation of 15 U.S.C. § 1692g(a)

62. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

63. 15 U.S.C. § 1692g(a) provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

64. Despite contacting Plaintiff many times, Defendants *never* sent Plaintiff a written notice contain the information required by 15 U.S.C. § 1692g(a).

65. The failure to provide a written notice containing the information required by 15 U.S.C. § 1692g(a) is a violation of the FDCPA.

66. Defendants violated 15 U.S.C. § 1692g(a) as they failed to send Plaintiff a written notice containing the information required by 15 U.S.C. § 1692g(a) and are liable to Plaintiff therefor.

## SECOND COUNT
## Violation of 15 U.S.C. § 1692e(9)

67. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

6

68. 15 U.S.C. § 1692e(9) prohibits the use or distribution of any written communication which creates a false impression as to its source, authorization, or approval.

69. For the reasons set forth in paragraphs 50-61 herein, Defendants' letters to Plaintiff created the false impression that such letters were sent at the direction of Action Financial Services, LLC, when they were, in reality, sent at the direction of Defendants.

70. For the reasons set forth in paragraphs 50-61 herein, Defendants' letters to Plaintiff created the false impression that Action Financial Services, LLC, was the source of the letters, when the source of the letters was, in reality, Defendants.

71. For the reasons set forth in paragraphs 50-61 herein, Defendants' letters to Plaintiff created the false impression that Action Financial Services, LLC had authorized and approved the letters, when, in reality, Action Financial Services, LLC has absolutely nothing to do with the sending of the letters.

72. For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692e(9) and is liable to Plaintiff therefor.

### THIRD COUNT
### Violation of 15 U.S.C. §§ 1692e and 1692e(10)

73. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

74. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

75. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

76. A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e. *Clomon*, 988 F.2d at 1318.

77. A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate. *Clomon*, 988 F.2d at 1319.

78. A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer. *DeSantis*, 269 F.3d at 161.

7

79. Defendants' conduct, as described herein, are false representations and/or means made in connection with the collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

80. Defendants' conduct, as described herein, are deceptive representations and/or means made in connection with the collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

81. Defendants' conduct, as described herein, are misleading representations and/or means made in connection with the collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

82. Defendants' conduct, as described herein, constitutes false representations and/or deceptive means used in an attempt to collect the alleged Debt, in violation of 15 U.S.C. § 1692e(10).

83. For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692e and 1692e(10) and are liable to Plaintiff therefor.

### FOURTH COUNT
### Violation of 15 U.S.C. § 1692e(14)

84. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

85. 15 U.S.C. § 1692e(14) prohibits the use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.

86. Defendants used the name "Action Financial Services, LLC" in its dealings with Plaintiff.

87. "Action Financial Services, LLC" is not Defendants' true name.

88. Rather, the true name of Defendants' business is Core Recoveries, LLC.

89. As such, Defendants violated 15 U.S.C. § 1692e(14) and are liable to Plaintiff therefor.

### FIFTH COUNT
### Violation of 15 U.S.C. § 1692j

90. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

91. 15 U.S.C. § 1692j provides that it is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating.

92. All correspondence to Plaintiff was on the letterhead of Action Financial Services, LLC.

93. However, as previously set forth, Action Financial Services, LLC, had nothing to do with the collection of the alleged Debt.

94. The letters were designed knowing that such would create the false belief that Action Financial Services, LLC was participating in the attempted collection of the alleged Debt, when, in fact, Action Financial Services, LLC was not so participating.

95. The letters were compiled knowing that such would create the false belief that Action Financial Services, LLC was participating in the attempted collection of the alleged Debt, when, in fact, Action Financial Services, LLC was not so participating.

96. The letters were furnished knowing that such would create the false belief that Action Financial Services, LLC was participating in the attempted collection of the alleged Debt, when, in fact, Action Financial Services, LLC was not so participating.

97. As such, Defendants violated 15 U.S.C. § 1692j and are liable to Plaintiff therefor.

## CLASS ALLEGATIONS

98. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York.

99. Plaintiff seeks to certify a class of:

> i. All consumers to whom Defendants sent a collection letter on the letterhead of Action Financial Services, LLC, which letter was sent on or after a date one year prior to the filing of this action to the present.

100. This action seeks a finding that Defendants' conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

101. The Class consists of more than thirty-five persons.

102. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

103. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

104. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

105. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered:

    a. Certifying this action as a class action; and

    b. Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel;

    c. Finding Defendants' actions violate the FDCPA; and

    d. Granting damages against Defendants pursuant to 15 U.S.C. § 1692k; and

    e. Granting Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    f. Granting Plaintiff's costs; all together with

  g. Such other relief that the Court determines is just and proper.

DATED: May 6, 2019

         **BARSHAY SANDERS, PLLC**

         By: /s/ *Craig B. Sanders*
         Craig B. Sanders, Esquire
         100 Garden City Plaza, Suite 500
         Garden City, New York 11530
         Tel: (516) 203-7600
         Fax: (516) 706-5055
         csanders@barshaysanders.com
         *Attorneys for Plaintiff*
         Our File No.: 117553

