UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
JUDELINE S. JOSEPH, individually and on  :
behalf of all others similarly situated, :
                                         :    **REPORT & RECOMMENDATION**
                                         :
            Plaintiff,                   :
                                         :    18 Civ. 4457 (LDH) (VMS)
        -against-                        :
                                         :
ACTION FINANCIAL SERVICES, LLC,          :
                                         :
            Defendant.                   :
------------------------------------------------------------ x
------------------------------------------------------------ x
JUDELINE S. JOSEPH, individually and on  :
behalf of all others similarly situated, :
                                         :
            Plaintiff,                   :
                                         :    19 Civ. 2669 (LDH) (VMS)
        -against-                        :
                                         :
LEISA KORN, MATT KORN, AND CORE          :
RECOVERIES, LLC,                         :
                                         :
            Defendants.                  :
------------------------------------------------------------ x

**Vera M. Scanlon, United States Magistrate Judge:**

Presently before the Court is the request by defendants Leisa Korn, Matt Korn and Core Recoveries (collectively, "Core") as well as Action Financial Services ("AFS") (referred to collectively as "Defendants") that these matters be consolidated. See 18 Civ. 4457, ECF No. 36 ("Def. Br."). For the reasons set forth below, this Court respectfully recommends that Defendants' request be granted and that these matters be consolidated.

By way of background, Civil Action No. 18 Civ. 4457 (the "AFS" action or matter) was referred to this Court for pretrial supervision and handling. See 18 Civ. 4457, 8/13/2018 entry; Local Civil Rule 72.2, generally. On March 4, 2019, the last day of the five-month discovery

1

period for the AFS action, Plaintiff requested to extend discovery 60 days "to allow Plaintiff to depose Core Recoveries." See ECF Nos. 24, 29. In its Memorandum & Order denying Plaintiff's request, this Court noted that the parties had already been afforded a lengthy discovery period given the nature of the case, which alleges only that single letter sent by AFS to Plaintiff contained language violative of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692(e). ECF No. 29. As early as November 2, 2018, Plaintiff knew or should have known (based on disclosures by AFS) that she might seek discovery regarding Core and its relationship with AFS. Id. She made no such inquiries however until the eve of the close of discovery. Id. Thus, at the February status conference, this Court denied Plaintiff's oral request to extend the discovery deadlines for her failure to offer good cause in support of her request. ECF No. 21. Based in part on the foregoing, and as discussed further in the Memorandum & Order, the Court found that Plaintiff's counsel[1] had "failed to demonstrate diligence or other good cause that would warrant modifying the discovery schedule." See ECF No. 29.

This Court further noted that "to the extent Plaintiff's request to depose a representative of Core Recoveries [was] in contemplation of amending the complaint to add [Core] as a defendant, the deposition testimony does not support such an amendment." Id. Although Plaintiff's Counsel claimed that "Defendant's deponent testified that the entire collection file had been sub-contracted out to Core Recoveries, Inc., and that any letters or communications issued in the name of Action Financial Services were issued at the request of Core Recoveries, and that [AFS] had no direct involvement in the matter," this was inconsistent with the full deposition

---

[1] The text of the Memorandum and Order erroneously indicates that it was "Defendant" rather than "Plaintiff" who had failed to demonstrate diligence, etc. This was a typographical error.

2

testimony presented to the Court.[2]  ECF No. 29 (quoting ECF No. 24).  Rather, AFS CEO Ms. Dillon testified that "Core Recoveries did not send any letters to the Plaintiff directly, that all letters [were] sent under [AFS's] authority, and that Core Recoveries [did] not have any control over the content of the letters."  ECF No. 29 (quoting ECF No. 25-1 at 22:11-13, 40:20-41:8, 43:21-23).  Ms. Dillon further testified that: (1) Core first contacted Plaintiff, on behalf of AFS, on February 13, 2018 (ECF No. 25-1, 10:9-11:9); (2) Core is a subcontractor of AFS and receives eight percent of their accounts (id.,14:14-25); (3) AFS sends out any letters requested by Core and Core did not send any letters directly to Plaintiff whatsoever (id.,15:17-17:4, 22:11-13); (4) Core uses policies and procedures from both AFS and AFS's client, the Department of Education (id., 14:2-13); (5) the telephone numbers on the letter at issue in the AFS matter route to both AFS and Core, depending on whether the caller's number is attached to an account (id., 20:19-21:14); and, (6) the mailing address on the same letter is for AFS's mailing service, Compumail, which then forwards any mail to AFS, not Core (id., 21:15-22:10).  Ms. Dillon's testimony did not support any claims under the FDCPA by Plaintiff against Core in connection with her debt.

Notwithstanding the foregoing, and in a transparent effort to circumvent this Court's Memorandum and Order (ECF No. 29), Plaintiff filed Civil Action No. 19 Civ. 2669 (the "Core" action or matter) on May 9, 2019, asserting claims against Core arising from the same attempts and letters to collect the same debt at issue in the AFS action.  See Complaint, 19 Civ. 2669, ECF No. 1.  She brings five claims under the FDCPA, all of which appear to be premised on the contention – contrary to Ms. Dillon's sworn testimony – that Core acted as an independent and

---

[2] The Court directed Plaintiff's Counsel to file a complete copy of AFS CEO Rebecca Dillon's deposition transcript in connection with the AFS action.  See 18 Civ. 4457, 3/6/2019 entry.

3

subsequent debt collector, rather than a subcontracted agent of AFS, the existing debt collector. See Complaint, 19 Civ. 2669, ECF No. 1 at pp. 6-9.  Specifically, Plaintiff claims that: (1) Core never sent Plaintiff an initial written notice as required by 15 U.S.C. § 1692g(a); (2) Core sent Plaintiff various letters which created the "false" impression that AFS was the source of said letters, in violation of 15 U.S.C. § 1692e(9); (3) Core engaged in false, deceptive, or misleading practices in violation of 15 U.S.C. § 1692e(10) insofar as it sent letters to Plaintiff under AFS's letterhead; (4) Core used AFS's name, rather than its own, in its dealings with Plaintiff in violation of 15 U.S.C. § 1692e(14); and, (5) Core designed, compiled, and/or furnished letters which would create the false belief that AFS itself was participating in the collection of the alleged debt, in violation of 15 U.S.C. § 1692j.  Id.  Defendants, who are all represented by the same counsel, moved jointly for consolidation of both matters.  See, e.g., Def. Br.; 18 Civ. 4457, ECF Nos. 38 ("Def. Reply.").

Pursuant to Fed. R. Civ. P. 42, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."  "A party moving for consolidation 'must bear the burden of showing the commonality of factual and legal issues in different actions, and a district court must examine the special underlying facts with close attention before ordering a consolidation.'"  R.W. Grand Lodge of Free & Accepted Masons of Pa. v. Meridian Capital Partners, Inc., 634 F. App'x 4, 6 (2d Cir. Dec. 15, 2015) (quoting In re Repetitive Stress Injury Litig., 11 F.3d 368, 373 (2d Cir. 1993)).  "The trial court has broad discretion to determine whether consolidation is appropriate."  Johnson v. Celotex Corp., 899 F.2d 1281, 1284 (2d Cir. 1990) (citations omitted).  "In making this determination, the court considers '[w]hether the specific risks of prejudice and possible confusion [are]

4

overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.'" Barkley v. Olympia Mortg. Co., 557 F. App'x 22, 25 (2d Cir. Jan. 29, 2014) (quoting Celotex Corp., 899 F.2d at 1285 (citation omitted) (second alteration in original)).  As discussed further below, these factors weigh decisively in favor of consolidating the AFS and Core actions.

  As the parties acknowledge, both actions concern letters received by Plaintiff in connection with AFS/Core's attempts to collect her debt.  See, e.g., Def. Br. p. 2; 18 Civ. 4457, ECF No. 37 ("Pl. Opp.") pp. 1, 4 ("Defendants' argument that the cases share common questions of fact is simply incorrect. Defendant[s] base[] this argument on the fact that the claims in this case and the claims in the AFS Action arise from the same letter.")  As Defendants correctly observe, at a minimum, the cases share a common and likely dispositive question of fact: who sent the letters at issue?  If, as Plaintiff claims, AFS sent the letter at issue in the AFS matter, then it would appear that AFS would also have sent the letters at issue in Plaintiff's case against Core.  A finding that AFS sent the letters at issue would likely cause Plaintiff's second, third, and fifth causes of action in her Complaint against Core to fail, as those causes of action are premised on the contention that Core sent the same letters.  See 19 Civ. 2669, ECF No. 1, at pp. 6-9.  Conversely, if, as Plaintiff claims in her Complaint against Core, it and not AFS sent the debt collection letters at issue, her claim that AFS sent her a misleading debt collection letter in violation of 15 USC § 1692e would likely fail.  See 18 Civ. 4457, ECF No. 1, at pp. 2-3.  Lastly, if AFS and Core jointly sent the debt collection letters to Plaintiff, Plaintiff's first, second, third, and fifth claims against Core would again likely fail insofar as, for example, both Core and AFS

5

would have sent any initial communication as required by 15 USC § 1962g(a), and there could be no materially false impressions as to the sender.  See Cohen v. Rosicki, Rosicki & Assocs., P.C., 897 F.3d 75, 84-86 (2d Cir. 2018) (misrepresentations must be material to be actionable under § 1692e).  Thus, which entity bears factual and legal responsibility for sending the letters at issue in these matters will significantly impact potential liability in both cases.

     Judicial resources and economy will therefore be served and preserved by having the same District Judge and Magistrate Judge handle both actions in tandem, whereas adjudicating the cases separately could yield conflicting and unjust results.  For example, separate actions might reach inconsistent conclusions regarding the same mailing procedures, resulting in AFS having "sent" the letter in 18 Civ. 4457, and Core having "sent" the letters in 19 Civ. 2669.  Moreover, the discovery already produced in the AFS matter will be relevant to the Core matter and allow for efficient conservation of party, witness, and judicial resources and time.  Notwithstanding the foregoing efficiencies and the near total overlap of these matters, Plaintiff opposes the motion to consolidate.

     According to Plaintiff's counsel, "[t]he most compelling reason to deny the motion to consolidate is that [AFS] . . . resisted Plaintiff's request to add the Core Defendants to the AFS action, on the grounds that [Core] [was] not responsible for any of the violations therein.  It is therefore disingenuous . . . for the Core Defendants . . . to . . . . argue that the cases purportedly share a common nucleus of fact and law, despite AFS having taken a contrary position in that action."  Pl. Opp., pp. 1-2.  Despite counsel's apparent argument otherwise, these two positions are not contrary, or even in tension.

     Counsel's "equally compelling . . . [second argument] to deny consolidation . . . is that the claims in th[e Core] case share no commonality with the single claim asserted against AFS. .

6

. . the claim in the AFS Action alleges that AFS failed to adequately state the amount of Plaintiff's alleged debt [in a letter]. Conversely, the gravamen of this action is that the Core Defendants falsely used AFS'[s] name and logo when sending letters to . . . Plaintiff . . . ." Id., p. 2. As described above, at least one common and dispositive issue shared by these cases – i.e. which entity sent the letters – compels the opposite conclusion.

Accordingly, and for the foregoing reasons, this Court respectfully recommends that these matters be consolidated for all purposes, and such other measures that will serve to avoid unnecessary costs and delay as contemplated by Fed. R. Civ. P. 42. Written objections to this Report and Recommendation must be filed within fourteen days of service of this Report and in accordance with the Individual Rules of the Honorable LaShann DeArcy Hall. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file objections within the specified time waives the right to appeal. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008).

**SO ORDERED.**

Dated: Brooklyn, New York
       February 3, 2020

*Vera M. Scanlon*
Vera M. Scanlon
United States Magistrate Judge