UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUDELINE S. JOSEPH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ACTION FINANCIAL SERVICES, LLC,<br><br>Defendant. | **MEMORANDUM & ORDER ADOPTING REPORT & RECOMMENDATION**<br><br>18-CV-4457 (LDH) (VMS) |
| JUDELINE S. JOSEPH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LEISA KORN, MATT KORN, AND CORE RECOVERIES, LLC,<br><br>Defendants. | 19-CV-2669 (LDH) (VMS) |

LaSHANN DeARCY HALL, United States District Judge:

Plaintiff Judeline Joseph ("Plaintiff") filed the instant putative class actions—18-cv-4457 (the "AFS action) and 19-cv-2669 (the "Core action)—on August 7, 2018 and May 5, 2019 respectively, alleging violations of the Fair Debt Collection Practices Act (the "FDCPA"). On August 9, 2019, Defendants Action Financial Services, LLC ("AFS"), Core Recoveries, LLC ("Core"), and Leisa Korn and Matt Korn—two of Core's executives—(collectively "Defendants") filed a motion to consolidate the two actions, arguing that the two actions involve common questions of law and fact and that Plaintiff would suffer no prejudice from any such consolidation. (18-cv-4457, ECF No. 35; 19-cv-2669, ECF No. 18.) On February 3, 2020,

1

Magistrate Judge Vera Scanlon issued a report and recommendation ("R&R"), wherein she recommended that the Court consolidate the two actions for all purposes.  (18-cv-4457, ECF No. 42; 19-cv-2669, ECF No. 31.)  Plaintiff timely filed objections.  (Pl.'s Obj. R&R M.J. Scanlon ("Pl.'s Obj.") 18-cv-4457, ECF No. 43; 19-cv-2669, ECF No. 32.)

A magistrate judge's decision regarding a "pretrial matter not dispositive of a party's claim or defense" can be modified or vacated if it is "clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a).  The Court presumes the parties' familiarity with the facts of these two actions, which are detailed in Defendants' motion and Plaintiff's objections.  The Court, therefore, recites only those facts relevant to the resolution of the issues raised in Plaintiff's objections.

## DISCUSSION

Pursuant to Rule 42 of the Federal Rules of Civil Procedure, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."  Fed. R. Civ. P. 42.  A party moving for consolidation "must bear the burden of showing the commonality of factual and legal issues in different actions, and a district court must examine the special underlying facts with close attention before ordering a consolidation."  *R.W. Grand Lodge of Free & Accepted Masons of Pa. v. Meridian Capital Partners, Inc.*, 634 F. App'x 4, 6 (2d Cir. 2015) (quoting *In re Repetitive Stress Injury Litig.*, 11 F.3d 368, 373 (2d Cir. 1993)).  "The trial court has broad discretion to determine whether consolidation is appropriate."  *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990) (citations omitted).  "In making this determination, the court considers '[w]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial

resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.'" *Barkley v. Olympia Mortg. Co.*, 557 F. App'x 22, 25 (2d Cir. 2014) (quoting *Celotex Corp.*, 899 F.2d at 1285 (citation omitted) (second alteration in original)).

Magistrate Judge Scanlon found that: (1) the cases share a common and likely dispositive fact—who sent the debt collection letters at issue; and (2) judicial resources and economy will therefore be served and preserved by consolidation, whereas adjudicating the cases separately could yield conflicting results. (R&R at 4–6.) Plaintiff raises several objections. *First*, Plaintiff argues that there is no question of fact common to the two cases because: (1) she believes all that all debt collection activities were undertaken by Core; and (2) the AFS action is predicated on activity distinct from those upon which the Core action is predicated.[1] (Pl.'s Obj. 6.) *Second*, Plaintiff argues that the interest of judicial economy would not be served by consolidation because the AFS action is "trial ready" whereas the Core action "has yet to open discovery." (*Id*. at 7.) *Finally*, Plaintiff argues that there is no risk of inconsistent decisions because both actions are already pending before the same court. (*Id*. at 8.) Plaintiff's arguments are unavailing.

The two cases undoubtedly share common questions of fact. Both involve the same debt collection letters that were sent to Plaintiff. This commonality alone justifies consolidation. *See Mellon v. Monarch Recovery Mgmt., Inc.*, No. 17-CV-2695, 2017 WL 4776738, at *3–4 (E.D.N.Y. Oct. 17, 2017). More importantly, the two cases involve a common question of

---

[1] In the AFS action, Plaintiff alleges that collection letter(s) that AFS sent failed to advise Plaintiff that her debt was subject to increase due to interest and/or fees. (*See* 18-cv-4457, ECF No. 1 at ¶¶ 14–28.) In the Core action, Plaintiff alleges, *inter alia*, that the Core Defendants' letters to Plaintiff created the false impression that AFS had authorized and approved the letters, when, in reality, AFS had absolutely nothing to do with the sending of the letter(s). (*See* 19-cv-2669, ECF No. 1 at ¶ 71.).

3

*dispositive* fact—whether AFS sent Plaintiff the debt collection letters or whether Core sent them. The Court agrees with Magistrate Scanlon that if AFS sent the letters, as Plaintiff initially pleaded, then Plaintiff's second, third, and fifth causes of action against Core necessarily fail because they are premised on the contention that Core sent the same letters. (R&R at 5.)

According to Plaintiff, "there would be no benefit gained in judicial efficiency, given that the AFS Action is trial ready, whereas the Core Action has yet to open discovery." (Pl.'s Obj. 7–8). As a threshold matter, conservation of judicial resources is not a prerequisite to consolidation, but rather only one of many factors that the Court can consider in relation to any potential prejudice to the parties that consolidation might bring. *See Celotex Corp.*, 899 F.2d at 1285. In any event, the Court can address Plaintiff's argument by consolidating the two actions and staying the AFS action to allow the Core action to proceed with discovery. Indeed, it will.

Both actions arise out of alleged violations of the FDCPA. Plaintiff asserts that AFS sent the debt collection letters in one action while maintaining that the Core defendants sent the letters in the other action. The resolution of this factual question will necessarily inform liability. Absent consolidation, an inconsistent result could occur. For example, in each case, the defendant could have been found to have sent the letter. The Court will not allow the opportunity for this sort of inconsistency.

The R&R is simply not clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a).

**CONCLUSION**

Having addressed Plaintiff's objections, for the foregoing reasons, Magistrate Judge Scanlon's Report and Recommendation is adopted as the opinion of this Court. Defendants' motion to consolidate is GRANTED.

SO ORDERED:

/s/ LDH
L<sub>A</sub>SHANN D<sub>E</sub>ARCY HALL
United States District Judge

Dated: Brooklyn, New York
      March 31, 2020